```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
FRANKLIN GRULLON,

        Plaintiff,
                                                ORDER
   - against -

JOHN ASHCROFT, Attorney General      Civil Action Nos.
of the United States; EDWARD         03-CV-4896 (DGT)
AGUIRRE, JR., Commissioner of        03-CV-5179 (DGT)
Immigration and Naturalization
Service; EDWARD MCELROY, New
York District Director of INS;
IMMIGRATION AND NATURALIZATION
SERVICE; AND UNITED STATES
DEPARTMENT OF JUSTICE

        Defendants.
------------------------------------------------x
```

TRAGER, District Judge:

Petitioner Franklin Grullon ("Grullon" or "petitioner") has brought a series of petitions for writs of habeas before this court. Certain of those petitions, still pending, are dismissed for the reasons discussed below.

**Background**

Petitioner has filed four petitions for writs of habeas corpus in this court. Grullon's First Petition, filed on March 27, 2001 ("First Petition" or "case No. 01-cv-1973"), challenged an August 4, 1998 immigration judge ("IJ") determination that he was ineligible for relief from deportation under § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (1995) (repealed 1996). In an order dated September 14, 2001,

this court granted the petition, vacated the removal order and remanded the case to the IJ to allow petitioner to apply for relief from deportation pursuant to § 212(c).

On remand, the IJ issued an opinion, dated April 19, 2002, denying petitioner's application for § 212(c) relief on procedural grounds. The IJ found that petitioner's five-year imprisonment rendered him ineligible for § 212(c) relief.

Meanwhile, petitioner had filed a second habeas petition on November 15, 2001 ("Second Petition" or "case No. 01-cv-7716"), challenging the authority of the Immigration & Naturalization Service ("INS") to detain him and seeking an order enjoining the INS from asserting that he was ineligible for relief under § 212(c).

On December 19, 2002 (the "December order") this court vacated the April 19 removal order, instructing the IJ to consider petitioner's application for § 212(c) relief on the merits. That order constituted a decision with regard to both the First and Second Petitions. The government appealed the December order to the United States Court of Appeals for the Second Circuit.

While that appeal was pending, petitioner filed a Third Petition ("Third Petition" or "case No. 03-cv-4896") on September 22, 2003, challenging his detention under § 236(c) of the Immigration and Nationality Act. The Third Petition is currently

pending in this court.

On October 10, 2003, petitioner filed his Fourth Petition ("Fourth Petition" or "case No. 03-cv-5179"), arguing that the removal proceedings against him should be terminated because: (1) he was misled into pleading guilty; (2) his conviction was not final for immigration purposes; (3) even if he was deportable, he was still entitled to apply for a § 212(c) waiver of deportation and (4) the government engaged in "affirmative misconduct" during his removal proceedings, which deprived him of due process during those proceedings. This court found that the Fourth Petition primarily challenged petitioner's underlying conviction and sentence, rather than the execution of his sentence, and therefore construed it as a § 2255 petition. Because petitioner had previously filed an unsuccessful § 2255 petition in the Southern District of New York, this court treated the Fourth Petition as a successive § 2255 petition and, therefore, transferred it to the Second Circuit on a certification of appeal. Petitioner responded by filing a motion to dismiss the proceeding without prejudice, asserting that he was ineligible for § 2255 habeas corpus relief because he was no longer in custody pursuant to his federal conviction.

The Second Circuit, in an opinion dated June 30, 2004, found that this court erred in construing petitioner's Fourth Petition as a § 2255 petition. Grullon v. Ashcroft, 374 F.3d 137 (2d Cir.

3

2004). The Second Circuit noted that in addition to challenging the validity of his guilty plea, which is within the ambit of § 2255, petitioner also claimed deprivation of due process during his removal procedure, which is properly the subject of a § 2241 petition. Therefore, the Second Circuit held, only those claims concerning petitioner's underlying conviction and sentence should have been construed as a § 2255 petition. Accordingly, the Second Circuit (1) denied the certification of claims properly presented in petitioner's § 2255 petition, because petitioner was no longer in custody pursuant to his federal conviction and, therefore, was no longer eligible for § 2255 habeas relief and (2) found that petitioner's § 2241 due process petition, on remand to this court, should be construed as a motion to amend his Second and Third Petitions.[1] The portion of the Fourth Petition determined by the Second Circuit to constitute a § 2241 petition is still pending before this court.

On December 17, 2004, the Second Circuit affirmed in a summary order this court's December 19 order with respect to the First and Second Petitions, which directed the IJ to consider petitioner's application for § 212(c) relief on the merits. Grullon v. Ziglar, 115 Fed. Appx. 511 (2004).

---

[1] At the time, the Second Petition was still on appeal in the Second Circuit, and the Third Petition was still pending in this court.

**Discussion**

The following remains before this court: (1) the entire Third Petition, in which petitioner challenges his detention and (2) the portion of the Fourth Petition, on remand, alleging that petitioner is entitled to apply for a waiver of deportation even if he is deportable and that the government engaged in "affirmative misconduct" during his removal proceedings, depriving petitioner of due process. Both petitions are dismissed.[2]

**(1)**

**Third Petition**

With respect to the Third Petition, petitioner cannot challenge his detention during the pendency of the administrative proceedings.

Petitioner argues that he is being detained contrary to the rule enunciated by the Supreme Court in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001), and should, therefore, be released. <u>Zadvydas</u> established a six-month presumptive limit during which

---

[2] In the interest of judicial economy, this court assumes, without deciding, that it has jurisdiction over petitioner, even though he is detained outside this district. However, in light of <u>Rumsfeld v. Padilla</u>, 124 S.Ct. 2711 (2004), the proper respondent is the warden of the Federal Detention Center in Oakdale, Louisiana, where petitioner is detained. Accordingly, any future habeas petitions lodged in this court by petitioner will be transferred to the District Court for the Western District of Louisiana or, upon a final order of removal, to the Fifth Circuit. <u>See</u> Section 106(a) of the REAL ID Act of 2005, Pub. L. No. 109-13, Div B., 119 Stat. 231 (May 11, 2005).

"removable" aliens (those admitted to the United States but subsequently ordered removed) can be placed into custody. 533 U.S. at 701. However, the present case is distinguishable from Zadvydas, which applies only once removal proceedings have been completed. "Detention during removal proceedings," by contrast, "is a constitutionally permissible part of that process." Demore v. Kim, 538 U.S. 510, 531 (2003). See Borges v. McElroy, No. 04 Civ. 1878(DC), 2004 WL 1469463 at *2 ("Here, as in Demore, the purpose for detention continues to exist, as removal will be successful once the removal proceedings are completed, if the BIA's decision is upheld."). Petitioner's detention is part of an ongoing removal proceeding resulting from petitioner's prior successful petitions before this court. Detention incident to that process is allowable and not in violation of any statutory or constitutional provision.

**(2)**

### § 2241 Portion of Fourth Petition

The substantive due process claims raised in the Fourth Petition must also be dismissed as well. Any cognizable due process claims arising out of prior proceedings are moot in light of the prior orders vacating those proceedings. Any cognizable due process violations arising out of proceedings currently pending before the immigration court in Oakdale, Louisiana, must be fully explored in administrative proceedings before any actions can be entertained in federal court. See Howell v. INS,

72 F.3d 288, 291 (2d Cir. 1995) ("a party may not seek federal judicial review of an adverse administrative determination until the party has first sought all possible relief within the agency itself") (citations omitted).  Barring the issuance of a final order of removal, federal subject-matter jurisdiction is lacking. See id. at 291.

## Conclusion

For the foregoing reasons, petitions brought as case numbers 03-cv-4896 and 03-cv-5179 are dismissed.  The Clerk of Court is directed to close both cases.

Dated:    Brooklyn, New York
          August 9, 2005

                                    ORDERED:

                                    _____/s/_____
                                    David G. Trager
                                    United States District Judge